[Criminal No. 326.   Filed February 13, 1914.]

[138 Pac. 543.]

## FRANK NORT, Appellant, v. STATE, Respondent.

1. WITNESSES—CROSS-EXAMINATION OF ACCUSED.—In a prosecution for homicide, the question asked accused on cross-examination, "You had had a fist fight just before this occurrence, hadn't you?" was not objectionable as referring to a different offense, since the "occurrence" and "fist fight" were so correlated in the question that the one might have been the immediate outgrowth of the other.

2. WITNESSES—CROSS-EXAMINATION—RELEVANCY.—Where a witness, in a prosecution for homicide, testified that he was about 300 feet distant at the time, he was properly required to answer on cross-examination how he happened to be looking at the scene of the trouble, in order to determine the truthfulness of his statement.

3. WITNESSES—CROSS-EXAMINATION.—Where, in a prosecution for homicide, the witness testified that he was about 300 feet from the scene of the trouble, and that about two hours before a hobo came from the place and told him that the saloon-keeper in the first saloon had a gun and the fellow in the other house was watching him and going to shoot him, he was properly asked on cross-examination why he failed to inform defendant and others of the pending trouble, as related to him by the hobo.

APPEAL from a judgment of the Superior Court of the County of Pinal.   J. E. O'Connor, Judge.   Affirmed.

The facts are stated in the opinion.

Mr. Benton Dick, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant Attorney General, for Respondent.

ROSS, J.—The appellant appeals from a judgment of conviction of murder in the second degree.   The rulings complained of are in the admission of certain evidence over the objections of appellant.   Upon his examination as a witness in his own behalf, appellant was asked the following question by the prosecution: "You had had a fist fight just before this occurrence, hadn't you?"   This was objected to as being immaterial, irrelevant and not proper cross-examina-

tion.  The objection was overruled, and the witness answered as follows: "I had.  No, you could not call it a fist fight; there was one blow struck, that is all."  The prosecution then asked: "That was all that was necessary, wasn't it?"  To which the same objection was made.  There was no ruling by the court, and no answer.  The prosecution further asked: "You struck that blow, didn't you?"  The objection to this was sustained.

It is the contention of appellant that the court committed error in requiring appellant to answer the question he did, for the reason that it disclosed an entirely distinct and different offense than the one for which he was being tried. From the question asked, it cannot be said that the inquiry was concerning another offense, for it referred to "a fist fight just before this occurrence."  The "occurrence" and "fist fight" are so correlated in the question as that the one may have been the immediate outgrowth of the other.  The question was indefinite as to time, place and parties, but was not objected to on that account.  If the purpose of the prosecution was to show the jury that the appellant was inherently quarrelsome and vicious, and thereby create in their minds a prejudice and bias against him, we think there was a failure to accomplish that purpose.  No one can tell from the meager facts disclosed who was the aggressor in the fist fight, or who struck the one blow mentioned.  What was brought out in the questions was of such little import as to leave no impression—good or ill—on the minds of the jury.

Lew Curtis was a witness for appellant.  According to his testimony, he was about 300 feet from the scene of trouble between appellant and deceased.  On cross-examination, he was asked how he happened to be looking over at the scene of trouble, to which he answered: "About two hours before that there was a hobo come over there, and he says 'that saloon-kepeer in the first saloon has a gun, and the fellow in the other house is watching him going to shoot him.'"  He was questioned quite minutely about the hoboes.  He said there were two or three of them; that they had a camp near by, and that they told him there was going to be trouble; that they left that day, and that he had not seen them since.

Questions bringing out this evidence were asked and answered without' objection, although appellant assigns error on its admission. If the assignment' possessed merit, we would not consider it, the trial court's attention not having been called to it by objection or otherwise. However, we think the prosecution was entitled to inquire minutely into the reasons given by witness for being in the advantageous position he says he occupied at the particular moment of the trouble between appellant and deceased. Cross-examination is the means placed in the hands of a party to test the truthfulness of the story of his adversary's witnesses, and to that end he may question such witnesses upon all matters pertinent to the case of the party calling them, except exclusively new matter.

Another ruling complained of in connection with the cross-examination of this witness is that the prosecution was permitted to ask witness why he had failed to inform appellant and others of the pending trouble as told him by the hoboes. This question attempted to elicit his attitude—whether of interest or indifference—toward the principals in the impending trouble, and the jury was entitled to know his answer.

The judgment of conviction is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.